Case No.: 09-61031-Civ-Cohn/Seltzer

FEDERICO LUZZI, by and through
Francesca Luzzi in her capacity as the
Personal Representative of the Estate of
Federico Luzzi, GIORGIO GALIMBERTI,
ALESSIO DI MAURO, POTITO STARACE,
and DANIELE BRACCIALI,

     Plaintiffs,
v.

ATP TOUR, INC.,

     Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS
## ORDER DISMISSING DEFENDANT INTERWETTEN

**THIS CAUSE** is before the Court upon Defendant ATP Tour Inc.'s Motion to Dismiss [DE 9]. The Court has carefully considered the motion, Plaintiff's Response [DE 22], Defendant's Reply [DE 27], Plaintiff's Notice of Voluntary Dismissal as to Defendant Interwetten [DE 23], has heard the argument of counsel at a hearing held on September 17, 2009, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiffs are European tennis players who filed this action for a declaratory judgment and breach of fiduciary duty against Defendants ATP Tour, Inc. ("ATP" or "Defendant") and Interwetten, AG, a European internet gambling company. Defendant ATP is a member organization for male tennis players, which oversees, organizes and/or otherwise arranges for tennis tournaments around the world for male tennis players, including all Grand Slam events. ATP also maintains rankings of players. The

Complaint asserts that ATP requires members to sign a brief Consent Form, which ATP allegedly uses to improperly bind its members to its Rulebook. Plaintiffs allege that the Consent Form was believed to have just covered the ATP anti-doping policy, but Defendants purportedly use the Consent Forms as the player's acceptance of every provision in the ATP Rulebook. The Rulebook contains a provision against wagering on tennis (the "Anti-Corruption Program").

Following a widely publicized incident in Europe in which a high ranked Russian tennis player withdrew during a match against a low-ranked opponent,[1] the ATP tour initiated an outside investigation of betting on tennis. After issuance of a report from its consultant, or perhaps contained within the report, ATP acquired the online wagering records from Interwetten pertaining to several ATP member/players, including the Plaintiffs. ATP began administrative proceedings against these players under provisions in the Rulebook. A hearing officer, appointed by the ATP President, held hearings in Jacksonville, Florida in two cases and London, England in another case, after which proceeding Plaintiffs were suspended for period ranging from 100 days to 270 days, and fined various amounts.[2]

In this lawsuit, Plaintiff seeks a declaratory judgment that, among other things, they were not bound by the Consent Form to all provisions of the Rulebook; that no contract was entered into between the Plaintiffs and the ATP; that the hearing they

---

[1] Both before the match and during the match the betting odds were tilting inexplicably in favor of the lower ranked player despite the absence of any indication that the Russian player was injured at the time.

[2] Two players "pled" guilty so no hearings were held in those cases.

received was not a full and fair proceeding; and that ATP cannot utilize information and/or documentation obtained pursuant to the Memorandum of Understanding between the ATP and the European Sports Security Association. See Complaint, ¶ 124. Plaintiff has also asserted a claim against ATP for breach of fiduciary relationship and against Interwetten for tortiuous interference with an advantageous business relationship.

Plaintiffs filed this action in the Southern District of Florida, though ATP is a Delaware corporation with its principal place of business in Ponte Vedra, Florida, located in the Middle District of Florida. Plaintiffs are citizens of Italy. Plaintiff Luzzi died at age 28 in 2008, and his estate is being administered in Broward County, Florida. Along with its response to Defendant's Motion to Dismiss, Plaintiff filed a voluntary dismissal of Interwetten, a European sports betting company, thus eliminating their claim against Interwetten. With the dismissal of Defendant Interwetten, a European corporation, this action is now properly founded upon diversity jurisdiction.

## II. DISCUSSION

### A. Venue

Defendants move to dismiss this case for improper venue, arguing that the case should have been brought in the Middle District of Florida.[3] Venue in this diversity case is based upon 28 U.S.C. § 1391(a), which provides:

A civil action wherein jurisdiction is founded only on diversity of

---

[3] Defendant ATP's first argument had been lack of subject matter jurisdiction because the alien plaintiffs were not diverse from the alien defendant, Interwetten. With the voluntary dismissal of Interwetten, this issue is now moot.

citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendant ATP argues that it is a citizen of Delaware and Florida, specifically the Middle District of Florida. It asserts that the Court should look at the relevant activities of Defendants, not Plaintiffs, in determining where a substantial part of the events giving rise to the claim occurred under § 1391(a)(2). Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1370 (11th Cir. 2003). ATP argues that all of its communications in this case emanated from Ponte Verde or in Europe, with none of its activities giving rise to the claim occurring in the Southern District of Florida.

Plaintiffs argue that venue is proper under § 1391(a)(1), because pursuant to § 1391(c), a defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within with its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." Plaintiffs then assert that Defendant ATP has sufficient contacts with the Southern District because some of its members who are event owners sponsor tournaments in Delray Beach and Key Biscayne, among other activities within the Southern District.

4

Defendant argues that because the Complaint as filed relied upon § 1391(a)(3), it did not focus its motion to dismiss on § 1391(a)(1). However, as to § 1391(a)(1), Defendant asserts via affidavit of its general counsel that the ATP itself has no offices, employees, agents or representatives located in the Southern District, but that two of its members sponsor the tournaments. See Affidavit of Mark Young, ¶ 4, 6, Exhibit A to Motion to Dismiss [DE 9]. In response, Plaintiffs argue that the event owners who are members of ATP act as agents of Defendant ATP, and, that ATP's own website reveals that ATP receives significant revenue from these events held within the Southern District.

A strict reading of the plain language of §§ 1391(a)(1) and 1391(c), appears to support Plaintiffs' argument. Although the Court finds that a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Florida and not the Southern District, including the communications from the ATP to the players, it is a close question whether ATP "resides" in the Southern District. Because ATP members sponsor tournaments within the Southern District in which ATP includes in their ranking system, that would seem sufficient to comply with §§ 1391(a)(1) and 1391(c).[4]

## B. Breach of Fiduciary Duty

Defendant also moves to dismiss the claim for breach of fiduciary duty, asserting that Plaintiff has made only conclusory legal statements that do not survive the recent refinements to the motion to dismiss standard. Until the Supreme Court decision in Bell

---

[4] Counsel for Defendants indicated at oral argument that if its motion to dismiss is denied, it intended to move to transfer this action to the Middle District pursuant to 28 U.S.C. § 1404. Any such motion should be filed forthwith.

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Turning to the claim at hand, the "elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the Plaintiff's damage." Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002). These duties have been found in the context of a mental health therapist and patient, physician and patient, corporate officer to corporation, or a bank disclosing sensitive documents to a third party. Id. In Lanz v. Resolution Trust Corp., 764 F.Supp. 176, 179 (S.D.Fla. 1991), the court concluded that absent evidence that a creditor recognized, accepted or undertook the duties of a fiduciary, such a relationship

would not be presumed. Plaintiffs allege that Defendant was formed in part "to protect the interests of such [male tennis] players. Compl. ¶¶ 10. Plaintiffs further allege that Defendant is a membership organization comprised of individual male tennis players. Id. ¶ 11. In addition, Plaintiffs allege that ATP provides services to its members for, among other things, "educating and informing players of its rules, policies, procedures and penalties." Id. ¶ 15. Plaintiffs assert that they trusted Defendant not to contractually bind them based upon the inadequate Consent Form, among other actions listed in paragraph 133 of the Complaint.

Defendant argues that Plaintiffs have failed to allege that it undertook or accepted such a duty. However, the cases relied upon by Defendant involve more of an arms-length transaction in which allegations of superior knowledge were deemed insufficient to create a fiduciary duty. Taylor Woodrow Homes v. 4/46-A Corp., 850 So.2d 536, 540-41 (Fla.Dist.Ct.App. 2003). In this case, Plaintiffs make factual allegations that Defendant intended to protect Plaintiff's interests and educate their members as to Defendant's rules. Thus, the Court concludes that Plaintiff has sufficiently pled a cause of action for breach of a fiduciary duty. Moreover, the "issue whether a fiduciary relationship exists will generally depend upon the specific facts and circumstances surrounding the relationship of the parties and the transaction in which they are involved." Taylor Woodrow Homes, 850 So.2d at 540.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Notice of Voluntary Dismissal as to Defendant Interwetten [DE 23] is

hereby **GRANTED**;

2. Defendant Interwetten is hereby **DISMISSED without prejudice** from this action;

3. Defendant ATP Tour Inc.'s Motion to Dismiss [DE 9] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of September, 2009.

JAMES I. COHN
United States District Judge

copies to:

counsel of record as listed on CM/ECF