UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Federico Luzzi, et al.,

    Plaintiffs,

vs.                                                    Case No. 3:09-cv-1155-J-32MCR

ATP Tour, Inc.,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Issuance of Letters Rogatory (Doc. 56) filed February 9, 2010. Plaintiffs seek to depose three non-party witnesses located in Belgium, the United Kingdom, and Switzerland. As such, Plaintiffs ask the Court to issue letters rogatory or letters of request to the appropriate judicial authorities in Belgium, the United Kingdom, and Switzerland requesting that they issue orders summoning the witnesses to appear for depositions and produce documents.

Rule 28(b) of the Federal Rules of Civil Procedure provides several ways in which to obtain depositions in a foreign country. For example, the court can utilize a treaty or convention or can issue a letter rogatory. As the United States, the United Kingdom, and Switzerland are all signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, (the "Hague Convention"), 23 U.S.T. 2555, reproduced in 28 U.S.C.A. §1781, the Court will utilize that convention to request assistance with the depositions in the United Kingdom and Switzerland. Belgium, on

the other hand, is not a signatory to the Hague Convention. In the case of Belgium, the Court will examine whether it is appropriate to issue a letter rogatory.

In determining whether to issue letters of request pursuant to the Hague Convention, the Court should determine whether the discovery sought falls within the scope of discovery permissible under the Federal Rules of Civil Procedure and should consider issues of comity. The Court finds the information Plaintiffs seek is within the proper scope of discovery and Defendant does not oppose Plaintiffs' requests. Moreover, as the individuals Plaintiffs seek to depose are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of other countries, and are not otherwise subject to the jurisdiction of this Court, the undersigned finds the issuance of the Letters of Request pursuant to the Hague Convention is appropriate.

Next, the Court must consider whether to issue a letter rogatory to the proper Belgian authorities. The decision to issue letters rogatory lies within a court's discretion. United States v. Rosen, 240 F.R.D. 204, 214 (E.D. Va. 2007) (citing United States v. Mason, 919 F.2d 139 (4th Cir. 1990) (unpublished per curiam decision)). Letters rogatory should be issued only where "necessary and convenient." Id. (citing 35A C.J.S. Federal Civil Procedure § 614). Here, for the reasons noted above, the undersigned believes the issuance of the Letter Rogatory provided by Plaintiffs is necessary and convenient and therefore, will grant Plaintiff's request and issue the Letter Rogatory to the appropriate Belgian authority.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiffs' Motion for Issuance of Letters Rogatory (Doc. 56) is **GRANTED**.

2. The Clerk is directed to mail a certified coy of this Order and the attached Letters of Request and Letter Rogatory to counsel for Plaintiffs.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  2nd  day of March, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record