**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FEDERICO LUZZI, ET AL.,

                Plaintiff,

vs.                                                           Case No. 3:09-cv-1155-J-32MCR

ATP TOUR, INC.,

                Defendant.

## **ORDER**

This case is before the Court on Intervenor, ESPN, Inc.'s Motion to Unseal Documents (Doc. 124), in which ESPN argues that the common law and First Amendment grant it the right to access the sealed documentary evidence in this case. While Plaintiffs Federico Luzzi, Giorgio Galimberti, Alessio Di Mauro, Potito Starface, and Daniele Bracciali have joined ESPN in their Motion, Defendant, ATP Tour, Inc. has filed a Response in Opposition. (Doc. 132). The Court heard oral argument in a hearing held on December 2, 2010, the transcript of which is incorporated by reference. (Doc 143). The parties thereafter filed supplemental briefs. (Docs. 137, 146, 150).

### **I. Background**

Detailed facts of the underlying case can be found in this Court's March 1, 2011 Order on Summary Judgment, which is incorporated by reference. (Doc 137). In summary, ATP charged Plaintiffs, professional tennis players, with violating the ATP Official Rulebook by wagering on tennis matches. Following arbitration proceedings, each plaintiff was given a fine and suspension by the arbitrator. Plaintiffs later filed suit in

this Court, alleging that they were not bound by the ATP Rulebook's anti-wagering provisions, their arbitration proceedings were not binding, and ATP's targeting of plaintiffs violated a fiduciary duty.  (Doc 137).

The Court granted summary judgment in favor of ATP, holding that because the arbitration process met all the requirements of Delaware law, plaintiffs were required to assert their claims during or at the time of the arbitration proceedings.  (Id. at 16-17). The Court held that plaintiffs were barred from subsequently raising these issues before this Court.  (Id.).

During discovery in this suit, the parties entered into a Confidentiality Agreement and Stipulated Order in which the parties could designate certain documents as confidential and therefore restrict their distribution.  (Doc 65).  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court adopted the terms of the parties' proposed Confidentiality Agreement and permitted the parties to file documents under seal with prior leave of the Court.  (Doc 66).

Plaintiffs thereafter filed a number of confidential documents under seal in support of their position that they were victims of "selective enforcement" of ATP's anti-wagering rules.  These documents related to whether professional tennis players other than the plaintiffs might have been involved in prohibited wagering.  Some of these documents were ultimately attached as exhibits to plaintiffs' response in opposition to ATP's Motion for Summary Judgment.  (Doc. 114).  In granting ATP's Motion for Summary Judgment, this Court did not adjudicate the merits of the plaintiffs' selective enforcement claim and thus did not consider these sealed documents when reaching its decision.  (Doc. 137).

**II. Discussion**

ESPN makes two central arguments for unsealing the sealed documents: (1) a right of public access attaches to documents submitted with a dispositive motion because they form the basis of a formal act of the Court; (2) ATP has not shown an interest in the continued sealing of the documents sufficient to outweigh the public's and media's right of access. (Docs. 124, 135, 146).

**A.     Right of Public Access**

The Supreme Court has held that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Comm., Inc., 435 U.S. 589, 597, (1978). "The presumption of access is based on the need for federal courts to have a measure of accountability to the public and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2nd Cir.1995)("Amodeo II"). However, "[t]he right to inspect and copy is not absolute." Warner Comm., 435 U.S. at 597. "[A] judge's exercise of discretion in deciding whether to release judicial records should be informed by a 'sensitive appreciation of the circumstances that led to . . . [the] production of the [particular document in question].'" Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)(quoting Warner Comm., 435 U.S. at 598)).

There is a split of authority regarding which documents filed in court proceedings are entitled to a presumption of access. The Third Circuit has held that there is presumptive right of public access to any document physically filed with the court and attached to a substantive motion. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 782 (3d Cir. 1994). On

the other hand, the Second Circuit has distinguished between documents merely physically attached to a motion, and documents that are actually relevant and considered in the adjudication process. United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)("Amodeo I"). Under Second Circuit law, documents having no relevance to the adjudication are not subject to a presumptive right of access even though they have been filed with a substantive motion. Id.; see also Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir. 1986).

Plaintiffs asserted their "selective enforcement" theory in this lawsuit. However, the basis for ATP's Motion for Summary Judgment, which the Court granted, had nothing to do with this theory. In granting summary judgment, the Court held that the plaintiffs were bound by the prior arbitration proceedings with ATP. Thus, the plaintiffs did not need to attach the sealed documents in responding to the Motion for Summary Judgment and the Court did not utilize them in reaching its decision.

It is not certain that the Eleventh Circuit would find a presumptive right of public access to filed documents that played no role in the adjudication process. However, because the Eleventh Circuit has not indicated which test to apply under the facts of this case,[1] the Court will assume without deciding that at least a limited presumption of public access applies to the sealed documents.

---

[1] In Chicago Tribune, the Eleventh Circuit held that "discovery material filed in connection with pretrial motions that require judicial resolution of the merits" is subject to a common-law right of access. Chi. Tribune Co., 263 F.3d at 1312. However, Chicago Tribune also cites Amodeo II with approval, and does not appear to confront a situation in which the claims relevant to the sealed material were not addressed on the merits. Id.

### B.     Good Cause

The Eleventh Circuit held in Chicago Tribune that Rule 26 confidentiality is not automatically foregone because confidential materials are submitted with a substantive motion. Chi. Tribune Co., 263 F.3d at 1313. The common law and First Amendment presumptive right of access can be overcome with a showing of "good cause."[2] Id. To determine whether good cause exists this Court must balance the moving party's interest in obtaining access against the affected party's interest in keeping the information confidential.[3] See Id.

When doing so, among other things, courts consider: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, and (6) the availability of a less onerous alternative to

---

[2]ESPN argues that ATP must demonstrate a "compelling interest" to keep the records sealed. (Doc 135 at 5-6). ESPN's Motion cites Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1992), and Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992) in their argument for a compelling interest standard. In Chicago Tribune, however, the Court held that the compelling interest standard of Wilson and Brown only applies where the entire record of the case is sealed. Chi. Tribune Co., 263 F.3d at 1311. The compelling interest standard is inapplicable here because only a limited number of documents were sealed.

[3]ESPN concedes the need for a balancing test under any circumstances, but argues that because "the federal courts have superimposed [a] more demanding balancing of interests approach" to the "good cause" standard under Rule 26, that the "good cause" standard and the "compelling interest" standard are not materially different. (Doc. 135 at 4-5). The Court disagrees. Including a balancing test in a good cause analysis does not raise the standard to that of a compelling government interest.

sealing the documents. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007).

ATP argues that the privacy interests of the third party professional tennis players outweigh any right of public access. (Doc 150 at 4). According to ATP, these players are likely to be injured if the documents are disclosed and they will have no opportunity to respond. (Id.) Conversely, ESPN suggests there is a heightened need for public access because the players are "public figures." (Doc 124 at 13-14).

As explained above, the Eleventh Circuit has held that legitimate privacy interests are an important factor to be considered. See Romero, 480 F.3d at 1246. Here, the privacy interests of tennis players who are not involved in this dispute weighs heavily in the Court's balancing equation.[4] While there does not appear to be any "smoking gun" documents involving these players, they do appear to disclose information concerning an ATP wagering investigation which contains the names of a number of professional tennis players. To release this gratuitously filed and unvarnished data in a circumstance in which the named players would have no opportunity to be heard or to respond, would be unfair to the players and would serve little or no public or First Amendment purpose.

Thus, the Court finds good cause for the records to remain under seal.

---

[4]Consistent with Chicago Tribune, the fact that this was discovery information produced pursuant to a protective order and submitted by the opposing party weighs in favor of sealing. See Chicago Tribune, 263 F.3d at 1309. "The assumption is that one voluntarily foregoes confidentiality when one submits [confidential] material for dispute resolution in a judicial forum. There is no voluntariness . . . when one's adversary submits the confidential material." Id. (citing Mokhiber v. Davis, 537 A.2d 1100 (D.C. App. 1988)).

Accordingly, it is hereby

**ORDERED**:

Intervenor's Motion to Unseal Documents (Doc 124) is **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of July, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

kz
Copies:

Counsel of Record

---

[5] The Court did make one reference to the sealed documents in its summary judgment order. (Doc 137 at 2). Though the Court is doubtful this is the information ESPN is seeking, if ESPN wishes the Court to consider unsealing this limited amount of material, it may so move no later than August 15, 2011.