UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FEDERICO LUZZI, by and through, )
Francesca Luzzi in her capacity as the
Personal Representative of the Estate )
of Federico Luzzi, GIORGIO
GALIMBERTI, ALESSIO DI MAURO, )  Case No. 3:09-cv-1155-J-32MCR
POTITO STARACE, and DANIELE
BRACCIALI, )

       Plaintiffs, )
v.
    )
ATP TOUR, INC.,
    )
       Defendant.
    )

## DEFENDANT ATP TOUR, INC.'S UNOPPOSED
## MOTION REGARDING DOCUMENTS FILED UNDER SEAL

Defendant ATP Tour, Inc. ("ATP Tour") pursuant to Rule 1.09, Local Rules Middle District of Florida, and Rule 26, Federal Rules of Civil Procedure, moves the Court for an order directing that within ten days of the order the Clerk shall deliver all documents filed under seal in this action (Sealed Documents 1 – 8) to counsel for the ATP Tour.

The parties previously notified the Court of their settlement (ECF No. 178). As a part of that settlement it was agreed that the ATP Tour would file this motion and that the motion would be unopposed by plaintiffs.

In March of 2010 the parties entered into a Stipulated Protective Order (ECF No. 65). This Court, with minor modifications and pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure, adopted the terms of the proposed Confidentiality Agreement on March 10 (ECF No. 66).

On August 30, 2010 plaintiffs filed a "Motion for Resolution of Objections to Defendant's Confidentiality Designations" (ECF No. 77). In that motion plaintiffs asked the Court to determine whether the ATP Tour had properly designated as confidential documents produced by the ATP Tour during discovery. In an Order entered on September 29, 2010 (ECF No. 99) the Court denied plaintiffs' Motion for Resolution of Objections as moot, ruling that if plaintiffs desired to file confidential materials in response to the ATP Tour's Motion for Summary Judgment, those materials could be filed under seal (ECF No. 99 at p. 1).

On September 20 and 27, 2010, the parties filed memoranda of law under seal making reference to confidential materials. On October 13, 2010, plaintiffs filed under seal documents produced by the ATP Tour in discovery and designated by the ATP Tour as "Professional Eyes Only – Highly Confidential," "Highly Confidential," or "Confidential."

On November 24, 2010 ESPN, Inc. moved to intervene and unseal the confidential documents filed under seal by plaintiffs (ECF No. 124). By order of July 12, 2011 (ECF No. 168) the Court denied ESPN's motion, ruling that the ATP Tour had shown good cause for the documents to remain sealed and noting:

> [T]he plaintiffs did not need to attach the sealed documents in responding to the motion for summary judgment and the court did not utilize them in reaching its decision.

Order, p. 4.

The Stipulated Protective Order contemplated that documents designated as confidential during discovery were to be returned to the party producing those documents (here the ATP Tour) upon conclusion of the litigation:

> Within 60 days of the conclusion of the Dispute, including any proceedings in connection with which Professional Eyes Only – Highly Confidential Material, Highly Confidential Material, or Confidential Material were produced, including all appeals as to all parties, all Professional Eyes Only -- Highly Confidential Material, Highly Confidential Material, or Confidential Material, and all copies or notes thereof in the possession of any person, shall be returned to counsel for the respective Producing Person, or destroyed ....
>
> Confidentiality Order, para. 20.

Plaintiffs and the ATP Tour also agreed in their Confidentiality Agreement that confidential documents were to be utilized solely for purposes of this litigation:

> 5. Any Discovery Material designated 'Professional Eyes Only – Highly Confidential,' 'Highly Confidential,' or 'Confidential' may be used only in connection with the dispute and in any judicial proceedings relating to the Dispute that may result.
>
> Confidentiality Agreement, para. 5, p. 4.

## RELIEF REQUESTED

The ATP Tour requests that the Court direct that the Clerk deliver to counsel for the ATP Tour, Inc. all documents filed under seal (Sealed Documents 1 – 8) within ten days of the date of the order.

**CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)**

Counsel for the ATP Tour certifies he has contacted counsel for plaintiffs and that plaintiffs consent to the granting of the relief sought by this Motion.

SMITH HULSEY & BUSEY

By: *s/ John F. MacLennan*
      Stephen D. Busey
      John F. MacLennan

Florida Bar Number 0117790
Florida Bar Number 0206415
225 Water Street, Suite 1800
Jacksonville, FL 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jmaclennan@smithhulsey.com

Attorneys for Defendant

## Certificate of Service

I certify that a copy of the foregoing has been furnished electronically through the CM/ECF notification system to all parties indicated on the electronic filing receipt this 14th day of October, 2011.

_s/ John F. MacLennan_
Attorney

00766379.DOC-6